UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LLOYD CASON,

     Plaintiff,

v.                                                                    Case No:   2:16-cv-170-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

## OPINION AND ORDER

Before the Court is Plaintiff Lloyd A. Cason's Complaint (Doc. 1) filed on March 1,

2016.  Plaintiff seeks judicial review of the final decision of the Commissioner of the Social

Security Administration ("SSA") denying his claim for a period of disability, disability insurance

benefits, and supplemental security income.  The Commissioner filed the Transcript of the

proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the

parties filed legal memoranda in support of their positions.  For the reasons set out herein, the

decision of the Commissioner is **AFFIRMED IN PART and REVERSED AND REMANDED**

**IN PART** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I.     **Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

     A.     **Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason

of any medically determinable physical or mental impairment that can be expected to result in

death or that has lasted or can be expected to last for a continuous period of not less than twelve

months.  42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.

The impairment must be severe, making the claimant unable to do his previous work or any other

substantial gainful activity that exists in the national economy.  42 U.S.C. §§ 423(d)(2),

1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.  Plaintiff bears the burden of

persuasion through step four, while the burden shifts to the Commissioner at step five.  *Bowen v.*

*Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B.      Procedural History

On July 7, 2011, Plaintiff filed an application for disability insurance benefits ("DIB").

(Tr. at 84, 140-46).  Plaintiff asserted an onset date of October 4, 2010.  (Tr. at 140).  Plaintiff's

application was denied initially on September 23, 2011, and on reconsideration on November 30,

2011.  (Tr. at 84, 94).[1]  A hearing was held before Administrative Law Judge ("ALJ") M.

Dwight Evans on March 13, 2014.  (Tr. at 30-74).  The ALJ issued an unfavorable decision on

July 17, 2014.  (Tr. at 14-24).  The ALJ found Plaintiff not to be under a disability from October

4, 2010, the alleged onset date, through December 31, 2012, the date last insured.[2]  (Tr. at 24).

On January 29, 2016, the Appeals Council reviewed the ALJ's decision and issued the

Decision of the Appeals Council.  (Tr. at 4-7).  The Appeals Council adopted the ALJ's

statements regarding the pertinent provisions of the Social Security Act, Social Security

Administration Regulations, Social Security Rulings and Acquiescence Rulings, the issues in the

case, and the evidentiary facts, as applicable.  (Tr. at 4).  In addition, the Appeal Council adopted

the ALJ's findings or conclusions regarding whether Plaintiff was disabled.  (Tr. at 4).  The

Appeals Council agreed with the ALJ's findings under steps one, two, three, four, and five of the

---

[1]  Although not mentioned by the parties, a second Disability Determination and Transmittal document was in the record regarding reconsideration dated April 25, 2012.  (*See* Tr. at 95).

[2]  As explained next, the ALJ incorrectly found that Plaintiff's date last insured was December 31, 2012.  (Tr. at 24).  The Appeals Council granted Plaintiff's request for review, determining, *inter alia*, that Plaintiff date last insured was December 31, 2013.  (Tr. at 4-7).

sequential evaluation process with the exception that the ALJ's decision indicated Plaintiff's date

last insured was December 31, 2012 and the Appeals Council determined that the date last

insured was actually December 31, 2013.  (Tr. at 5).

The Appeals Council found that even though the ALJ's decision included the wrong date

last insured, the ALJ had nonetheless considered all evidence found in Plaintiff's file, including

evidence dated during the unadjudicated period from December 31, 2012 to December 31, 2013.

(Tr. at 5).  Therefore, the Appeals Council adopted the ALJ's decision as far as the steps in the

sequential evaluation and applied the findings in the ALJ's decision from the alleged onset date

of October 4, 2010 through the date last insured of December 31, 2013.  (Tr. at 5).  The Appeals

Council afforded some weight to a third-party report from Plaintiff's wife, Judi Cason.  (Tr. at 5).

In all other respects, the Appeals Council adopted the ALJ's findings.  (Tr. at 5).  Plaintiff filed a

Complaint (Doc. 1) in the United States District Court on March 1, 2016.  This case is ripe for

review.  The parties consented to proceed before a United States Magistrate Judge for all

proceedings.  (*See* Doc. 19).

## C.    Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant

has proven that he is disabled.  *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir.

2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[3]  An ALJ must determine

whether the claimant:  (1) is performing substantial gainful activity; (2) has a severe impairment;

(3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R.

---

[3]  Unpublished opinions may be cited as persuasive on a particular point.  The Court does not
rely on unpublished opinions as precedent.  Citation to unpublished opinions on or after January
1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P.  Unpublished opinions may be
cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform

other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-

40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden

shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913,

915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31,

2012.[4] (Tr. at 16). At step one of the sequential evaluation, the ALJ found that Plaintiff had not

engaged in substantial gainful activity from his alleged onset date of October 4, 2010 through the

date last insured of December 31, 2012.[5] (Tr. at 16). At step two, the ALJ found that Plaintiff

suffered from the following severe impairments: neck pains, back pains, and myalgias. (Tr. at

16). At step three, the ALJ determined that through the date last insured Plaintiff did not have an

impairment or combination of impairments that meets or medically equals the severity of one of

the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d),

404.1525, and 404.1526). (Tr. at 18). At step four, the ALJ determined that through the date last

insured, Plaintiff has the residual functional capacity ("RFC") to perform light work with the

following additional limitations:

> may only frequently (between one-third and two-thirds of the workday) climb
> ladders, ropes, and scaffolds, kneel, or crawl. Claimant may only occasionally
> (up to one-third of the workday) stoop or crouch.

---

[4] As stated above, the Appeals Council corrected the date last insured to December 31, 2013.
(Tr. at 5).

[5] *See supra* at n.4.

(Tr. at 18).  The ALJ determined that Plaintiff is capable of performing his past relevant work as an excavator operator and this work does not require the performance of work-related activities precluded by Plaintiff's residual functional capacity.  (Tr. at 22).

Even though the ALJ determined that Plaintiff is capable of performing his past relevant work, the ALJ made the alternative step five finding that there are other jobs that exist in the national economy that Plaintiff is also able to perform.  (Tr. at 23).  At step five, the ALJ found that considering Plaintiff's age, education, work experience, residual functional capacity, and vocational expert testimony, the ALJ determined that Plaintiff is capable of performing the following jobs:  (1) outside deliverer, DOT # 230.663-010, light exertional level, SVP of 2; (2) flagger, DOT # 372.667-022, light exertional level, SVP 2; (3) signaler, DOT # 869.667-014, light exertional level, SVP 2; and (4) parking lot signaler, DOT # 915.667-014, light exertional level, SVP 2.  (Tr. at 24).[6]  The ALJ concluded that Plaintiff was not under a disability from October 4, 2010, the alleged onset date, through December 31, 2012, the date last insured.[7]  (Tr. at 24).

### D.      Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. §405(g).  Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such

---

[6]  "DOT" refers to the *Dictionary of Occupational Titles*.

[7]  *See infra* at n.4.

relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); and *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II.    Analysis

On appeal, Plaintiff raises three issues. As stated by Plaintiff they are:

1) The ALJ committed harmful error when he found that Plaintiff's digestive impairment/abdominal pain and mental impairment were non-severe and trivial within the meaning of 20 C.F.R. § 404.1521(a).

2) The residual functional capacity ("RFC") assessment is not supported by substantial evidence because the ALJ failed to account for Plaintiff's fibromyalgia and neuropathy in evaluating his work capacity, in violation of 20 C.F.R. § 404.1545(b).

3) The ALJ's assessment of Plaintiff's credibility is not supported by substantial evidence because the ALJ misconstrued the evidence of record and did not articulate valid rationale for discrediting Plaintiff in violation of 20 C.F.R. § 404.1529(c) and Social Security Ruling ("SSR") 16-3p.

(Doc. 21 at 2-3).[8]

---

[8] Plaintiff frames his arguments as to the ALJ's decision. (*See* Doc. 21, *e.g.*, at 8-9). In this case, the Appeals Council entered the final decision of the Commissioner of Social Security. (*See* Tr. at 1-7). Based upon the Appeals Council's adoption of the majority of the ALJ's

### A.    Step Two Analysis

Plaintiff argues that the ALJ erred in failing to find Plaintiff's impairments of (1)

hepatitis and chronic abdominal pains, and (2) depression, not severe at step two of the

sequential evaluation.  (Doc. 21 at 7).  Plaintiff claims that the medical records support that

Plaintiff's digestive impairments, hepatitis, and depression are more than mild and trivial.  (Doc.

21 at 8-9).  The Commissioner argues in response that the ALJ is not required to identify every

severe impairment at step two as long as the ALJ has identified at least one severe impairment.

(Doc. 23 at 5).  Further, the Commissioner contends that substantial evidence supports the

Appeals Council's and ALJ's decisions that Plaintiff's hepatitis, chronic abdominal pains, and

depression were not severe at step two of the sequential evaluation.

At step two of the sequential evaluation, the severity of a claimant's impairments is

analyzed.  At this step, "[a]n impairment is not severe only if the abnormality is so slight and its

effect so minimal that it would clearly not be expected to interfere with the individual's ability

to work, irrespective of age, education or work experience."  *McDaniel v. Bowen*, 800 F.2d

1026, 1031 (11th Cir. 1986).  A severe impairment must bring about at least more than a

minimal reduction in a claimant's ability to work, and must last continuously for at least twelve

months.  *See* 20 C.F.R. §§ 404.1505(a).  This inquiry "acts as a filter" so that insubstantial

impairments will not be given much weight.  *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir.

1987).  While the standard for severity is low, the severity of an impairment "must be measured

in terms of its effect upon ability to work, and not simply in terms of deviation from purely

---

decision, including those parts that relate to the issues raised here by Plaintiff, the Court will
apply Plaintiff's arguments as if they incorporate the Appeals Council's decision as well.

medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544,

1547 (11th Cir. 1986).

In the Eleventh Circuit, "[n]othing requires that the ALJ must identify, at step two, all

of the impairments that should be considered severe." *Heatly v. Comm'r of Soc. Sec.*, 382 F.

App'x 823, 825 (11th Cir. 2010). Rather, the ALJ is required to consider a claimant's

impairments in combination, whether severe or not. *Id.* If any impairment or combination of

impairments qualifies as "severe," step two is satisfied and the claim advances to step three.

*Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*,

814 F.2d 585, 588 (11th Cir. 1987)).

In the instant case, the ALJ found other severe impairments, including neck pains, back

pains, and myalgias. (Tr. at 16). Even though the ALJ did not find Plaintiff's hepatitis, chronic

abdominal pains, and depression to be severe impairments, the record is clear that he considered

them in combination with Plaintiff's other severe and non-severe impairments. Accordingly,

even if the ALJ erred, the error was harmless.

The ALJ considered Plaintiff's hepatitis and chronic abdominal pains and the records

containing references to these impairments. (Tr. at 16). The ALJ noted that Plaintiff never

received treatment for hepatitis and worked for many years with his abdominal condition. (Tr. at

16). Further, the ALJ noted that Plaintiff's abdominal pains improved after a cholecystectomy.

(Tr. at 16). In addition, the ALJ considered the records concerning Plaintiff's mental impairment

of depression. (Tr. at 17). The ALJ also considered the four broad functional areas in section

12.00C of the Listing of Impairments. (Tr. at 17). Moreover, the ALJ considered all of

Plaintiff's symptoms and considered Plaintiff's hepatitis, abdominal pains, and mental condition

in combination with Plaintiff's other impairments. (*See* Tr. at 18, 19, 20, 21).

Upon consideration of the portions of the ALJ's decision that were adopted by the

Appeals Council in its decision, the Court finds that the ALJ and the Appeals Council found

Plaintiff to have severe impairments.  Thereafter, the ALJ and the Appeals Council considered

Plaintiff's severe and non-severe impairments in combination.  (*See* Tr. at 19, 20, 21).  Some of

the non-severe impairments considered by the ALJ and the Appeals Council were hepatitis,

abdominal pains, and depression.  Thus, even if the ALJ and Appeals Council erred in failing to

find hepatitis, abdominal pains and depression severe impairments at step two of the sequential

evaluation, the error was harmless because the ALJ and the Appeals Council found other severe

impairments at step two and considered Plaintiff's severe impairments and non-severe

impairments – including hepatitis, abdominal pain, and depression – in combination.  Therefore,

the Court finds that the ALJ's and the Appeals Council's decision at step two was supported by

substantial evidence.

### B.      Residual Functional Capacity

Plaintiff argues that the RFC assessment was not supported by substantial evidence

because the ALJ failed to account for Plaintiff's fibromyalgia and neuropathy in determining

Plaintiff's RFC.  (Doc. 21 at 10).[9]  Plaintiff also claims that the hypothetical posed to the

---

[9]  Plaintiff mentions in one sentence that the ALJ failed to consider Plaintiff's neuropathy at step two of the sequential evaluation.  As stated above in section II.A, entitled "Step Two Analysis," if the ALJ considered Plaintiff's neuropathy in combination with Plaintiff's other severe and non-severe impairments, then even if the ALJ erred in failing to find neuropathy a severe impairment, the error was harmless. *See Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010); *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013).  In this case, the ALJ and the Appeals Council considered Plaintiff's subjective complaints of pain and difficulties in his feet.  (Tr. at 19).  The ALJ noted that specific testing for neuropathy was normal in January 2013.  (Tr. at 21, 22).  Thus, the ALJ and the Appeals Council considered Plaintiff's neuropathy in combination with Plaintiff's other severe and non-severe impairments. Therefore, even if the ALJ and the Appeals Council erred in failing to list neuropathy as a severe impairment at step two of the sequential evaluation, the error was harmless.

vocational expert did not include all of Plaintiff's limitations associated with fibromyalgia and neuropathy. (Doc. 21 at 11). The Commissioner argues in response that the ALJ and the Appeals Council properly considered the relevant evidence in assessing Plaintiff's RFC during the relevant time period. (Doc. 23 at 16).

"The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all of the relevant evidence of record. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). However, the Eleventh Circuit has consistently held that "the claimant bears the burden of proving that [he] is disabled, and consequently, [he] is responsible for producing evidence in support of [his] claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

Specifically, Plaintiff argues that he was diagnosed with fibromyalgia causing symptoms, including pain, fatigue, and poor concentration. (Doc. 21 at 11). Plaintiff asserts that he was prescribed Cymbalta for treatment, and his mental status examination was positive for confusion and decreased concentration and near the end of the relevant period he suffered from fatigue and "brain fog." (Doc. 21 at 11). Plaintiff acknowledges that the ALJ found "myalgias" as a severe impairment, but contends that myalgia refers to muscle pain and not fibromyalgia. (Doc. 21 at 12). In addition, Plaintiff asserts that he was assessed with neuropathy causing severe pain, burning, and numbness bilaterally in his feet. (Doc. 21 at 12). Plaintiff argues that the ALJ failed to consider that Plaintiff was prescribed Gabapentin for neuropathic pain and only cited to

10

some general objective testing concerning Plaintiff's pain.  (Doc. 21 at 12).  The Commissioner argues in response that the ALJ properly considered the relevant evidence in assessing Plaintiff's RFC and, further, the mere diagnosis of fibromyalgia and/or neuropathy does not establish that Plaintiff was more limited in his ability to work than found in his RFC.  (Doc. 23 at 16).

In the decision, the ALJ noted that in November and December 2011, Plaintiff was diagnosed with myalgias of unknown origin and in February 2012, he experienced pain all over, but his examination was essentially unremarkable.  (Tr. at 20).  The ALJ also noted that Plaintiff was diagnosed with fibromyalgia.  (Tr. at 21).  The ALJ indicated that Plaintiff continued to be treated by medication for his symptoms.  (Tr. at 21).  In addition, the ALJ noted that in June and September 2012, Plaintiff returned to his doctor with complaints of both fatigue and foot pain, and again these symptoms were treated with medication.  (Tr. at 21).  The ALJ reviewed the January 2013 treatment notes and found that Plaintiff sought treatment for foot pain, but specific testing for fibromyalgia and neuropathy was normal at that time.  (Tr. at 21, 22).  The ALJ mentioned this medical record twice, but did not discuss any other medical records from 2013 concerning Plaintiff's medical conditions of fibromyalgia and neuropathy.

Turning to the medical records, on February 14, 2012, Plaintiff visited Lee Physicians Group – United Way with the chief complaint of pain.  (Tr. at 315).  After examination, Carrie A. Gittings, M.D. diagnosed and assessed Plaintiff with fibromyalgia as the likely cause for Plaintiff's ongoing myalgias, anthropathies, fatigue, and poor concentration.  (Tr. at 316). Plaintiff returned on June 11, 2012, complaining of fatigue, foot pain, and other problems.  (Tr. at 310).  Even though the medications were helping somewhat to clear his thoughts, Plaintiff complained of a great deal of fatigue.  (Tr. at 310).  Plaintiff was diagnosed with, *inter alia*, fibromyalgia and prescribed medication.  (Tr. at 311-12).  Plaintiff returned on September 18,

11

2012 complaining of pain and reporting that the Cymbalta did not help with the pain, but he was a bit more active.  (Tr. at 306).  Plaintiff reduced his intake of Gabapentin stating that it did help with the pain, but he could not take three in one day because it made him too sleepy.  (Tr. at 306).  Dr. Gittings continued Plaintiff on Cymbalta for the fibromyalgia and Gabapertin.  (Tr. at 307).  On January 25, 2013, Plaintiff saw Dr. Gittings for foot pain and abdominal pain.  (Tr. at 406).  Plaintiff was diagnosed with, *inter alia*, fibromyalgia and neuropathy.  (Tr. at 409).  Dr. Gittings determined that all of the results from the testing for Plaintiff's pain were normal and there were no additional tests to be ordered at that time.  (Tr. at 409).  Dr. Gittings could not determine the cause of Plaintiff's pain and changed focus from continued testing to treating Plaintiff's symptoms and to helping him cope with chronic pain.  (Tr. at 409).  Dr. Gittings continued Plaintiff on his medications.  (Tr. at 409).  Near the end of the relevant period on November 26, 2013, Plaintiff saw Dr. Gittings complaining of pain "all over," reported "brain fog," and numbness in his feet.  (Tr. at 423).  Plaintiff stated that his fatigue and poor concentration remained unchanged.  (Tr. at 423).  Upon examination, Dr. Gittings found Plaintiff exhibited tenderness diffusely to light touch relating to his musculoskeletal region.  (Tr. at 423).  Dr. Gittings added a prescription for Tramadol to help with the continuing pain.  (Tr. at 424).

The Commissioner argues that even though Plaintiff was diagnosed with fibromyalgia and neuropathy, these diagnoses alone do not establish functional limitations.  (Doc. 23 at 16).  The Court agrees that a "diagnosis [ ] is insufficient to establish that a condition caused functional limitations."  *Wood v. Astrue*, 2012 WL 834137, at *5 (M.D. Fla. Feb. 14, 2012) (citing *Moore v. Barnhart*, 405 F.3d 1207, 1213 n.6 (11th Cir. 2005)).  In this case, however, Dr. Gittings found Plaintiff to have diffuse pain and extreme fatigue as evidenced by Dr. Gittings prescribing medication for the pain and symptoms and finding diffuse tenderness in the

musculoskeletal region.  (*See*, *e.g.*, Tr. at 307, 409, 423).  The ALJ and Appeals Council mention twice that Plaintiff's fibromyalgia and neuropathy were normal.  (Tr. at 21, 22).  Contrary to the ALJ's and Appeals Council's conclusion that Plaintiff's tests for fibromyalgia and neuropathy were normal, the records reflect that the results of the tests for cause of the pain were normal, but the cause for Plaintiff's pain was unknown.  (Tr. at 409).  Moreover, the decision does not specifically mention the medical reports from Dr. Gittings in late 2013, which reference Plaintiff's continuing issues as to his fibromyalgia and neuropathy pain, including fatigue, and poor concentration.  (*See* Tr. at 422-23).[10]

Further, fibromyalgia has been treated differently than other diseases by the Eleventh Circuit.  Fibromyalgia is a unique disease and "often lacks medical or laboratory signs, and is generally diagnosed mostly on an individual's described symptoms."  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).  Courts have held that a lack of objective findings alone is not sufficient to support an ALJ's rejections of a treating physician's findings as to a claimant's functional limitations.  *See Daniel v. Colvin*, No. 2:12-cv-53-VEH, 2013 WL 5434571, at \*4 (N.D. Ala. Sept. 27, 2013) (citing *Somogy v. Comm'r of Soc. Sec.*, 366 Fed. App'x 56, 64 (11th Cir. 2010)).  Here, the ALJ and the Appeals Council relied on the testing for fibromyalgia and neuropathy being normal to discount Plaintiff's symptoms.  However, at least as to the fibromyalgia, this testing is not conclusive as to Plaintiff's symptoms or limitations.  After Dr. Gittings could not determine the cause of Plaintiff's pain, Dr. Gittings treated Plaintiff for his symptoms of pain, fatigue, and poor concentration with medications.  (Tr. at 424).  As late

---

[10]  The ALJ was under the misapprehension that the date last insured was December 31, 2012 and not December 31, 2013.  (Tr. at 5).  Based on the considerations in the decision, the Court finds that the ALJ may not have properly considered the import of the medical records in 2013.

as November 2013, Dr. Gittings added an additional medication to try to control Plaintiff's pain. (*See* Tr. at 424).

In this case, medical records during the relevant time period showed evidence of Plaintiff's limitations associated with his diagnoses of fibromyalgia and neuropathy.  The Court is unable to determine if the ALJ and the Appeals Council considered these medical records and limitations when formulating Plaintiff's RFC.  Therefore, the Court is unable to conduct a meaningful judicial review of the ALJ's and the Appeals Council's decision concerning Plaintiff's RFC.  *See Robinson v. Astrue*, No. 8:08-CV-1824-T-TGW, 2009 WL 2386058, at *4 (M.D. Fla. Aug. 3, 2009).  Thus, the Court finds that the decision of the ALJ and the Appeals Council as to Plaintiff's RFC is not supported by substantial evidence.

## C.    Credibility

Plaintiff's remaining argument alleges that the ALJ erred in his credibility finding.  This issue is intertwined with the issue concerning Plaintiff's RFC.  Because the Court finds that on remand, the Commissioner must reevaluate Plaintiff's RFC in light of all of the evidence of record, the disposition of the issues concerning credibility would, at this time, be premature.

## III.    Conclusion

Upon consideration of the submission of the parties and the administrative record, the Court finds that the decision of the ALJ and the Appeals Council is supported by substantial evidence as to the step two analysis but is not supported by substantial evidence as to Plaintiff's RFC determination.

**IT IS HEREBY ORDERED:**

1)  The decision of the Commissioner is **AFFIRMED IN PART and REVERSED AND REMANDED IN PART** pursuant to sentence four of 42 U.S.C. § 405(g).

The decision is affirmed as to the step two issue and reversed and remanded for the Commissioner to reevaluate Plaintiff's RFC in light of all of the evidence of record and reconsider Plaintiff's credibility determination.

2) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

3) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE AND ORDERED** in Fort Myers, Florida on February 15, 2017.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties